## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MARCIA TURNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.08CV6119 |
| | ) |
| **ENTERPRISE LEASING COMPANY OF** | ) |
| **ST. LOUIS** | ) |
| 4664 Crossroads Industrial Dr | ) |
| Bridgeton, MO  63044-2461 | ) |
| Serve: | ) |
| CT Corporation System | ) |
| 120 South Central Ave | ) |
| Clayton, MO  63105 | ) |
| | ) |
| **VICTOR D. ZINN, III** | ) |
| 5428 Harris Ave. | ) |
| Raytown, MO, 64133-2940 | ) |
| Serve: | ) |
| Victor D. Zinn, III | ) |
| 5428 Harris Ave. | ) |
| Raytown, MO  64133-2940 | ) |
| | ) |
| **DIAKON LOGISTICS, INC.** | ) |
| 7673 Coppermine Drive | ) |
| Manassas, VA | ) |
| Serve: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO  63105 | ) |
| | ) |
| **TRANSPORT DELIVERIES, INC.** | ) |
| 4432 Norton Ave | ) |
| Kansas City, MO  64130 | ) |
| Serve: | ) |
| Ronell Eldridge | ) |
| 4432 Norton Ave | ) |
| Kansas City, MO  64130 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff Marcia Turner through counsel, and for her causes of action against defendants Enterprise Leasing, Diakon Logistics, Inc., Transport Deliveries, Inc., and Victor D. Zinn, III as a result of injuries and the wrongful death of Richard Turner hereby state and allege as follows:

## PARTIES

### PLAINTIFF

1.     Plaintiff Marcia Turner is an individual over the age of 18 residing in Denver, Colorado and a citizen of the State of Colorado.  Ms. Turner is one of the five surviving children of decedent Richard Turner, who died in a motor vehicular collision on January 16, 2008.

2.     Plaintiff Marcia Turner is a proper person to bring this lawsuit on her own behalf and on behalf of all others statutorily entitled pursuant to Missouri law to recover for the death of Richard Turner, including his other children Michael Turner, Matthew Turner, Michele Turner, Mark Turner and his sister Sandy Deitrick.  Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick are all the persons entitled to seek damages for the death of Richard Turner.

### DEFENDANTS

3.     Defendant Enterprise Leasing Company of St. Louis, Inc. ("Enterprise") is a Missouri Corporation and a citizen of the state of Missouri.  It does business as "Enterprise Rent a Truck."  Service may be had by serving its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

4.     Defendant Diakon Logistics, Inc. ("Diakon") is a Delaware Corporation with its principle place of business in Virginia. It is a citizen of Virginia. Service may be had by serving its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105. At all times relevant hereto, defendant Diakon operated as a commercial motor carrier in the state of Missouri as a United States Department of Transportation ("D.O.T.") regulated motor carrier and subject to the regulations of D.O.T. that provide for the protection of the public.

5.     Defendant Transport Deliveries, Inc. ("Transport Deliveries") is a Missouri Corporation and a Missouri citizen. Service may be had on Transport Deliveries, Inc. through its registered agent Ronell Eldridge, 4432 Norton Ave., Kansas City, Missouri 64130.

6.     Defendant Victor D. Zinn, III is a Missouri resident and a citizen of the state of Missouri. Service may be had by serving him at 5428 Harris Ave., Raytown, Missouri 64133-2940.

## JURISDICTION AND VENUE

7.     Personal jurisdiction is proper in this Court pursuant to the Missouri Long Arm Statute R.S.Mo. § 506.500 because each of these defendants committed a tortious act within the state of Missouri or entered into contracts in the state of Missouri or operated a motor vehicle within the state of Missouri or are citizens of the state of Missouri. Accordingly, it does not defeat traditional notions of fair play and substantial justice because defendants should reasonably be expected to have to answer to causes of action within the state of Missouri.

8.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

9.     Venue is proper in this Court pursuant 28 U.S.C § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Clinton County, Missouri within this judicial district.

### FACTS COMMON TO ALL COUNTS

10.     Highway 169 is a public roadway generally running north and south at the relevant location near Gower, Missouri within Clinton County, Missouri.

11.     On or about January 16, 2008 at approximately 6:30 p.m., decedent Richard Turner was operating his 1989 Buick Century sedan north bound on 169 Highway.

12.     At said time and place, defendant Zinn, an employee of Transport Deliveries operating under contract to Diakon was operating an International Model 4300 Class 6 truck with a placard GVWR rating of 25,500 pounds with VIN 1HTMMAAM25H10329.  The International truck was manufactured in June 2004.

13.     At all relevant times herein, Defendant Zinn was acting with the scope and course of his employment with Transport Deliveries.

14.     The International Model 4300 Class 6 truck was owned by Enterprise.

15.     Diakon leased the Enterprise/Diakon truck from Enterprise on January 14, 2008 to be returned on January 21, 2008.

16.    Diakon had leased the Enterprise/Diakon truck from Enterprise for a period of more than a year prior to the death of Richard Turner on lease agreements that were entered into on a week to week basis.

17.    Diakon was the lessee of the Enterprise/Diakon truck on November 5, 2007.

18.    Diakon provided the truck to Transport Deliveries to perform delivery services on behalf of Diakon and its delivery customers.

19.    Defendant Zinn had the express permission of Transport Deliveries to operate the Enterprise/Diakon truck.

20.    Transport Deliveries had the express permission of Diakon to use the Enterprise/Diakon truck.

21.    Defendants Diakon and Transport Deliveries were engaged in a joint enterprise or joint adventure wherein Diakon had possession, custody and control of the truck and Transport Deliveries hired and had direct control over the driver, and they operated together for a common business purpose of delivering goods to the customers of Diakon.

22.    At the same time Mr. Turner was going north, the Enterprise/Diakon truck was southbound on Highway 169.

23.    Defendant Zinn was operating the Enterprise/Diakon truck at an excessive speed under the existing conditions, which included snow and ice on the roadway.

24.    Defendant Zinn failed to yield the right-of-way to Mr. Turner.

25.    Defendant Zinn's failure to yield the right-of-way to Mr. Turner was a violation of Mo.Rev.Stat. § 304.015.

26.     Defendant Zinn failed to discontinue operations of the Enterprise/Diakon truck when road conditions deteriorated to the point that he could not safely operate the vehicle.

27.     Defendants Diakon and Transport Deliveries failed to discontinue operations of the Enterprise/Diakon truck when road conditions deteriorated to the point that defendant Zinn could not safely operate the vehicle.

28.     Defendants Enterprise, Transport Deliveries and Zinn failed to discontinue use of the truck until the defective left rear and two front tires could be replaced.

29.     Defendant Zinn lost control of the Enterprise/Diakon truck and crossed the centerline of Highway 169 and struck Richard Turner's vehicle in the north bound lane of Highway 169.

30.     The front of the Enterprise/Diakon truck struck the front of Richard Turner's vehicle.

31.     As a result of the collision between the Enterprise/Diakon truck and the Richard Turner vehicle, Richard Turner suffered massive chest and head injuries and died while still trapped in the front seat of his car.

32.     Mr. Turner's son, Michael Turner, arrived at the scene of the accident while his father Richard Turner was still within the vehicle and was asked to identify his father as the victim of the incident.

33.     The left rear dual tires were manufactured by Goodyear Tire and Rubber on March 21, 2004.

34.     At the time of the accident, the tread depth of both of the right rear dual tires of the Enterprise/Diakon truck were below minimum requirements for operation on public roads in violation of RSMo. 307.170(8) and 11 CSR 50-2.240.

35.     On January 16, 2008, the tread depth of both the right rear dual tires of the Enterprise/Diakon truck was less than 2/32nds inches.

36.     On January 16, 2008 the tread depth of the left front steer tire had less than 4/32nds inches.

37.     The tread depth of the right front tire of the Enterprise/Diakon truck was below minimum requirements for operation on public roads in Missouri in violation of RSMo. 307.170(8) and 11 CSR 50-2.240.

38.     The tread depth of the left front tire of the Enterprise/Diakon truck was below minimum requirements for operation on public roads in Missouri in violation of RSMo. 307.170(8) and 11 CSR 50-2.240.

39.     Tire tread provides the gripping action and traction and is designed to prevent a vehicle from slipping and sliding, especially when the road is wet or icy.

40.     Tires with inadequate tread do not provide the same gripping action and traction as tires with adequate tread.

41.     Defendant Enterprise had an independent duty and non-delegable duty to inspect the tires and other equipment on the Enterprise/Diakon vehicle to ensure it met minimum safety requirements before operating it or allowing it to be operated on the public roads in Missouri.

42.     Defendant Diakon had an independent duty and non-delegable duty to inspect the tires and other equipment on the Enterprise/Diakon vehicle to ensure it met

minimum safety requirements before operating it or allowing it to be operated on the public roads in Missouri.

43.     Defendant Transport Deliveries had an independent duty and non-delegable duty to inspect the tires and other equipment on the Enterprise/Diakon vehicle to ensure it met minimum safety requirements before operating it or allowing it to be operated on the public roads in Missouri.

44.     Defendant Zinn had an independent duty and non-delegable duty to inspect the tires and other equipment on the Enterprise/Diakon vehicle to ensure it met minimum safety requirements before operating it on public roads in Missouri.

45.     Defendant Enterprise had an independent and non-delegable duty to refuse to lease the Enterprise/Diakon truck for use on public roads in Missouri unless the Enterprise/Diakon truck met the safety requirements for commercial vehicles.

46.     Defendant Diakon had an independent and non-delegable duty to refuse to allow defendant Transport Deliveries and defendant Zinn to operate the Enterprise/Diakon truck on public roads in Missouri unless the Enterprise/Diakon truck met the safety requirements for commercial vehicles.

47.     Defendant Transport Deliveries had an independent and non-delegable duty to refuse to allow Defendant Zinn to operate the Enterprise/Diakon truck on public roads in Missouri unless the Enterprise/Diakon truck met the safety requirements for commercial vehicles.

48.     Defendant Enterprise and defendant Diakon had a duty to ensure that users of the Enterprise/Diakon truck, including defendant Transport Deliveries and defendant Zinn were properly trained, licensed and qualified to operate the Enterprise/Diakon truck.

49. Defendants Enterprise, Diakon and Transport Deliveries had a duty to ensure that Victor D. Zinn, III was properly trained, licensed and qualified to operate the Enterprise/Diakon truck.

50. Defendants Diakon and Transport Deliveries had a duty to train defendant Zinn on the proper operation and maintenance of the Enterprise/Diakon truck.

51. Defendant Zinn was required to operate the Enterprise/Diakon truck on Missouri roadways using the highest degree of care.

52. Defendant Zinn was required to operate the Enterprise/Diakon truck in accordance with Missouri and Federal law governing the operation of commercial vehicles.

53. Defendant Diakon had a duty to supervise Transport Deliveries in its use of the Enterprise/Diakon truck.

54. Defendant Transport Deliveries had a duty to supervise defendant Zinn in his use of the Enterprise/Diakon truck.

55. Defendant Diakon had a proprietary tracking system that allowed Diakon to track each piece of its customer's merchandise that Diakon was to deliver.

56. Defendant Diakon closely monitored all aspects of the delivery of its customer's merchandise, including daily tracking of owner-operator performance.

57. Defendant Diakon had a highly effective routing and cellular communication network to ensure on-time delivery of its customer's merchandise.

58. Defendant Diakon's focus on performance, includes focus on timeliness.

59. Defendant Diakon had the ability to track and control the routes of the Enterprise/Diakon truck, including its routing and operations on January 16, 2008.

60.     Defendant Enterprise contracts to provide 24/7 roadside assistance with every truck it rents, including the ability to make on-site repairs.

61.     Defendant Enterprise contracts to provide preventative maintenance service on a regular basis with every truck it rents.

62.     Defendant Enterprise contracts to provide "switch out vehicles" when regular maintenance is scheduled to prevent service interruption with every truck it rents.

63.     Defendant Enterprise authorized Diakon to have repairs made to the Enterprise/Diakon truck at repair locations approved by Enterprise.

64.     Defendant Enterprise had the right to refuse to reimburse Diakon for repairs that were not authorized by Enterprise.

65.     Defendant Enterprise had the right to refuse to reimburse Diakon for repairs that were made at locations not approved by Enterprise.

66.     Defendant Enterprise maintained control over the repair and maintenance of the Enterprise/Diakon truck.

67.     On or about November 5, 2007, an inspection of the Enterprise/Diakon truck was conducted at KCR International Trucks, Inc. in Kansas City, Missouri. The inspection report is attached as Exhibit A.

68.     The November 5, 2007 inspection report noted inter-alia "tires need replaced."

69.     Defendant Enterprise did not replace the left rear or two front tires after the November 5, 2007 inspection report noted that that the "tires need replaced."

70.     Defendant Diakon did not replace the left rear or two front tires after the November 5, 2007 inspection report noted that the "tires need replaced."

71.     Defendant Transport Deliveries did not replace the left rear tires or two front tires after the November 5, 2007 inspection report noted that the "tires need replaced."

72.     Defendant Zinn did not replace the left rear tires or two front tires after the November 5, 2007 inspection report noted that "the tires need replaced."

73.     The mileage on the Enterprise/Diakon truck at the time of the death of Richard Turner on January 16, 2008 was 97, 385.

74.     The mileage at time the November 5, 2007 inspection was 93,126.

75.     Defendants failed to replace the left rear tires, the left front tire and the right front tire after the November 5, 2007 inspection.

76.     Defendants Enterprise, Diakon and Transport Deliveries supplied a dangerous instrumentality to defendant Zinn and the dangerous instrumentality caused the death of Richard Turner.

77.     The defendants knew or should have known that there was a high probability of injury, damages and death in operating a commercial vehicle on the Missouri roadways during the winter with defective tires.

## COUNT I
### Plaintiff v. Victor D. Zinn, III
### (Negligence)

78.     Plaintiff, for Count I of her cause of action against defendant Victor D. Zinn, III, alleges and states as follows:

79.     Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 77 above.

80.     Defendant Zinn breached his duty to use the highest degree of care by operating the Enterprise/Diakon truck in a careless and negligent manner in at least the following respects:

      a.     Failing to maintain a proper speed for the roadway conditions and/or circumstances;

      b.     Continuing to operate Transport Deliveries 's truck on south bound 169 Highway in adverse weather conditions that impaired his visibility and his ability to maintain his vehicle at a proper speed so as to not pose a risk to other motorists;

      c.     Operating the Enterprise/Diakon truck with defective equipment, including the two left rear tires and the two front tires.

      d.     Failing to keep a proper lookout;

      e.     Failing to yield the right-of-way;

      f.     Failing to inspect the tires of the Enterprise/Diakon truck;

      g.     Failing to repair or replace the defective motor vehicle equipment; or

      h.     Violating the Federal Motor Carrier Safety Regulations including, but not limited to:

            1.     49 CFR 392.14, which states in part:

                Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

81.     Defendant Zinn was thereby negligent.

82.     The negligence of defendant Zinn caused or contributed to cause the death of Mr. Turner.

83.     The negligence of defendant Zinn caused damage to Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interest or costs including, but not limited to, financial and economic loss, reasonable and necessary funeral expenses, and the loss of care, comfort, companionship, instruction, guidance, training, support and counseling.

84.     The actions and inactions of Victor D. Zinn, III described in this Count and in Paragraphs 1 through 77 constitute willful, wanton and outrageous conduct clearly and convincingly evidencing a conscious or reckless disregard for the safety of Richard Turner and others, and warranting a judgment against Victor D. Zinn, III for aggravating circumstances damages to punish Victor D. Zinn, III and to deter Victor D. Zinn, III and others from similar conduct in the future.

WHEREFORE, Plaintiff Marcia Turner on her own behalf and as the representative of Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick respectfully request judgment against defendant Victor D. Zinn, III for such damages as are fair and reasonable in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interests and costs, together with their costs and fees, and aggravating circumstances damages and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
### Plaintiff v. Victor D. Zinn, III
### (Negligence Per Se—Victor D. Zinn, III)

85.     Plaintiff, for Count II of her cause of action against defendant Victor D. Zinn, III, alleges and states as follows:

86. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 84 above.

87. Defendant Zinn violated Missouri law including:

    a.    Mo.Rev.Stat. § 304.015 (operating on right half of roadway); and

    b.    Mo.Rev.Stat. § 307.170 (operating with equipment not complying with motor vehicle regulations.

88. Defendant Zinn violated federal law including:

    a.    49 CFR 392.14, which states in part:

> Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

89. Defendant Zinn was thereby negligent per se.

90. The negligence per se of defendant Zinn caused or contributed to cause the death of Mr. Turner.

91. The negligence per se of defendant Zinn caused damage to Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interest or costs including, but not limited to, financial and economic loss, reasonable and necessary funeral expenses, and the loss of care, comfort, companionship, instruction, guidance, training, support and counseling.

92. The actions and inactions of Victor D. Zinn, III described in this Count and in Paragraphs 1 through 84 constitute willful, wanton and outrageous conduct clearly and convincingly evidencing a conscious or reckless disregard for the safety of Richard

Turner and others, and warranting a judgment against Victor D. Zinn, III for aggravating

circumstances damages to punish Victor D. Zinn, III and to deter Victor D. Zinn, III and

others from similar conduct in the future.

WHEREFORE, Plaintiff Marcia Turner on her own behalf and as the

representative of Michael Turner, Matthew Turner, Michele Turner, Mark Turner and

Sandy Deitrick respectfully request judgment against defendant Victor D. Zinn, III for

such damages as are fair and reasonable in an amount in excess of Seventy-five Thousand

Dollars ($75,000) exclusive of interests and costs, together with their costs and fees, for

aggravating circumstances damages and for such other and further relief as the Court

deems just and proper under the circumstances.

### COUNT III
**Plaintiff v. Transport Deliveries, Inc.**
**(Vicarious Liability—Negligence)**

93.     Plaintiff, for Count III of her cause of action against defendant Transport

Deliveries, Inc. ("Transport Deliveries"), alleges and state as follows:

94.     Plaintiff hereby incorporates by reference, as though fully set forth herein,

paragraphs 1 through 93 above.

95.     On January 16, 2008, while utilizing the public roadway of Highway 169,

operating the Enterprise/Diakon Truck, defendant Zinn was employed and within the

scope and course of his employment by defendant Transport Deliveries, Inc. ("Transport

Deliveries").

96.     Defendant Transport Deliveries is vicariously liable for the actions of

defendant Zinn on January 16, 2008 when he was operating the Enterprise/Diakon truck.

97.     Defendant Zinn breached and Transport Deliveries is vicariously liable for the breach of defendant Zinn's duty to use the highest degree of care in at least the following respects:

      a.    Failing to maintain a proper speed for the roadway conditions and/or circumstances;

      b.    Continuing to operate the Enterprise/Diakon truck on south bound 169 Highway in adverse weather conditions that impaired his visibility and his ability to maintain his vehicle at a proper speed so as to not pose a risk to other motorists;

      c.    Operating the Enterprise/Diakon truck with defective equipment, including the two left rear tires and the two front tires.

      d.    Failing to keep a proper lookout;

      e.    Failing to yield the right-of-way;

      f.    Failing to inspect the tires of the Enterprise/Diakon truck;

      g.    Failing to repair or replace the defective motor vehicle equipment; or

      h.    Violating the Federal Motor Carrier Safety Regulations including, but not limited to:

            1.    49 CFR 392.14, which states in part:

                Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

98.     The negligence of defendant Zinn for which Transport Deliveries is vicariously liable caused damage to Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interest or costs including, but not limited to,

financial and economic loss, reasonable and necessary funeral expenses, and the loss of care, comfort, companionship, instruction, guidance, training, support and counseling.

99.     The actions and inactions of Victor D. Zinn, III described in this Count for which defendant Transport Deliveries is vicariously liable and in Paragraphs 1 through 8 constitute willful, wanton and outrageous conduct clearly and convincingly evidencing a conscious or reckless disregard for the safety of Richard Turner and others, and warranting a judgment against Transport Deliveries for aggravating circumstances damages to punish Transport Deliveries and to deter Transport Deliveries and others from similar conduct in the future.

WHEREFORE, Plaintiff Marcia Turner on her own behalf and as the representative of the Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick respectfully request judgment against defendant Transport Deliveries for such damages as are fair and reasonable in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interests and costs, together with their costs and fees, for aggravating circumstances damages and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT IV
**Plaintiff v. Transport Deliveries**
**(Independent Liability)**

100.     Plaintiff, for Count IV of her cause of action against defendant Transport Deliveries, Inc. ("Transport Deliveries"), alleges and state as follows:

101.     Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 99 above.

102.    Defendant Transport Deliveries had a duty to provide safe equipment to defendant Zinn to operate on Missouri roadways on behalf of Transport Deliveries.

103.    Defendant Transport Deliveries had a duty to inspect the equipment provided to defendant Zinn to make certain that the equipment was safe to operate.

104.    Defendant Transport Deliveries had a duty to train defendant Zinn to not operate the equipment they provided him in the event of unsafe weather conditions.

105.    Defendant Transport Deliveries had a duty to prevent defendant Zinn from operating the Enterprise/Diakon truck during weather and road conditions that made it unsafe to operate.

106.    Defendant Transport Deliveries breached its duty of ordinary care in at least the following respects:

      a.      Failing to provide safe equipment to Victor D. Zinn, III;

      b.      Failing to inspect the equipment on January 16, 2008;

      c.      Failing to require Victor D. Zinn, III to terminate his route on January 16, 2008 when the weather became dangerous for travel;

      d.      Failing to properly train Victor D. Zinn, III on the proper inspection of the truck;

      e.      Failing to properly train Victor D. Zinn, III on the proper procedures in the event of dangerous road conditions;

      f.      Failing to properly train Victor D. Zinn, III on the proper procedures in the event he had defective equipment; or

      g.      Allowing Victor D. Zinn, III to operate the Enterprise/Diakon truck when it had defective equipment.

107.    Defendant Transport Deliveries violated its independent duties and was thereby negligent.

108.    As a proximate result of the negligence of Transport Deliveries, the Enterprise/Diakon vehicle was operated across the centerline of 169 Highway and struck Mr. Turner's passenger car in the north bound lane of 169 Highway causing or contributing to cause the death of Mr. Turner.

109.    The negligence of Transport Deliveries caused damage to Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interest or costs including, but not limited to, financial and economic loss, reasonable and necessary funeral expenses, and the loss of care, comfort, companionship, instruction, guidance, training, support and counseling.

110.    The actions and inactions of Transport Deliveries in this Count and in Paragraphs 1 through 99 constitute willful, wanton and outrageous conduct clearly and convincingly evidencing a conscious or reckless disregard for the safety of Richard Turner and others, and warranting a judgment against Transport Deliveries for aggravating circumstances damages to punish Transport Deliveries and to deter Transport Deliveries and others from similar conduct in the future.

WHEREFORE, Plaintiff Marcia Turner on her own behalf and as the representative of the Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick respectfully request judgment against defendant Transport Deliveries for such damages as are fair and reasonable in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interests and costs, together with their costs and fees, for aggravating circumstances damages and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V
## Plaintiff vs. Enterprise
### (Negligence)

111.    Plaintiff, for Count V of her cause of action against defendant Enterprise, alleges and states as follows:

112.    Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 110 above.

113.    Defendant Enterprise is the owner of the Enterprise/Diakon truck.

114.    Defendant Enterprise owed a duty to Richard Turner and to the motoring public to maintain the truck in a safe operating condition.

115.    Defendant Enterprise owed a duty to Richard Turner and to the motoring public to inspect the Enterprise/Diakon truck for dangerous conditions and defective equipment before leasing it to Diakon on January 14, 2008.

116.    Defendant Enterprise had a duty to not lease the truck to Diakon for the week including January 16, 2008 because the truck was not in a safe operating condition.

117.    Defendant Enterprise failed to timely inspect the Enterprise/Diakon truck for dangerous, defective or hazardous conditions and equipment.

118.    Defendant Enterprise knew or in the exercise of ordinary care should have known that on January 16, 2008, the left rear tires and both front tires on the Enterprise/Diakon truck were below minimum safe tread depths.

119.    On January 14, 2008, Enterprise knew or should have known that the tires on the Enterprise/Diakon truck needed to be replaced before it was operated on Missouri roadways.

120.     Defendant Enterprise knew that the left rear tires of the Enterprise/Diakon truck were the original equipment tires and had been operated for more than 96,600 miles when it was leased to Diakon on January 14, 2008.

121.     Defendant Enterprise knew that operating a commercial vehicle on public roadways during winter road conditions in the Midwest, including snow and ice, subjected motorists to a high degree of danger with a high degree of likelihood that death or serious injury could result in the event control was lost of the commercial vehicle.

122.     Defendant Enterprise knew that operation of the Enterprise/Diakon truck with tires that were below minimum safe tread depths created an unreasonable risk that the operator would not be able to control the Enterprise/Diakon truck.

123.     Defendant Enterprise knew that operation of the Enterprise/Diakon truck with tires that were below minimum safe tread depths created an unreasonable risk of injury to persons sharing the road with the Enterprise/Diakon truck.

124.     Enterprise was negligent in all or some of the following respects:

   a.     Failing to maintain the Enterprise/Diakon truck in safe operating condition;

   b.     Continuing the week to week rental of the Enterprise/Diakon truck on January 14, 2008 without inspecting the condition of the Enterprise/Diakon truck;

   c.     Continuing the week to week rental of the Enterprise/Diakon truck with knowledge that no expenditure had been made to replace the left rear dual tires or either of the front tires;

   d.     Continuing the week to week rental of the Enterprise/Diakon truck with knowledge that only the right rear dual tires had been replaced on the truck;

   e.     Continuing the week to week rental of the Enterprise/Diakon truck to Transport Deliveries without requiring proof that the tires of the truck were safe to operate;

      f.      Failing to examine the driver qualifications of Victor D. Zinn, III;

      g.      Failing to warn Victor D. Zinn or Transport Deliveries that the Enterprise/Diakon truck had tires that failed to meet the minimum tread depth requirements; or

      h.      Ignoring the advice of the mechanic that inspected the Enterprise/Diakon vehicle on or about November 5, 2007 that noted that "tires need replaced."

125.     As a direct and proximate result of the negligence of Enterprise, the Enterprise/Diakon vehicle was operated across the centerline of 169 Highway and struck Mr. Turner's passenger car in the north bound lane of 169 Highway causing the death of Mr. Turner.

126.     The negligence of Enterprise caused damage to Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interest or costs including, but not limited to, financial and economic loss, reasonable and necessary funeral expenses, and the loss of care, comfort, companionship, instruction, guidance, training, support and counseling.

127.     The actions and inactions of Enterprise in this Count and in Paragraphs 1 through 110 constitute willful, wanton and outrageous conduct clearly and convincingly evidencing a conscious or reckless disregard for the safety of Richard Turner and others, and warranting a judgment against Enterprise, for aggravating circumstances damages to punish Enterprise and to deter Enterprise and others from similar conduct in the future.

WHEREFORE, Plaintiff Marcia Turner on her own behalf and as the representative of Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick respectfully request judgment against defendant Enterprise Leasing for such damages as are fair and reasonable in an amount in excess of Seventy-five Thousand

Dollars ($75,000) exclusive of interests and costs, together with their costs and fees, for aggravating circumstances damages and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VI
### Plaintiffs v. Diakon
### (Negligence)

128.    Plaintiff, for Count VI of her cause of action against defendant Diakon Logistics, Inc. ("Diakon"), alleges and states as follows:

129.    Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 127 above.

130.    Defendant Diakon leased the Enterprise/Diakon truck from Enterprise on behalf of and for the use of Transport Deliveries.

131.    Defendant Diakon supplied the Enterprise/Diakon truck to Transport Deliveries to conduct the common carrier business of Diakon in joint enterprise with Transport Deliveries.

132.    Defendant Diakon is vicariously liable for the actions of Victor D. Zinn, III.

133.    Defendant Diakon is vicariously liable for the actions of Transport Deliveries.

134.    Defendant Diakon owed a duty to Richard Turner and to the motoring public to maintain the truck in a safe operating condition.

135.    Defendant Diakon had a duty to inspect the Enterprise/Diakon truck for dangerous or hazardous conditions and equipment.

136.     Defendant Diakon had a duty to not lease the truck to Diakon for the week including January 16, 2008 if the truck was not in a safe operating condition.

137.     Defendant Diakon failed to timely inspect the Enterprise/Diakon truck for dangerous or hazardous conditions and equipment.

138.     Defendant Diakon knew that on January 16, 2008, the left rear tires and both front tires on the Enterprise/Diakon truck were below minimum safe tread depths.

139.     Defendant Diakon knew or in the exercise of ordinary care should have known that on January 16, 2008, the left rear tires and both front tires on the Enterprise/Diakon truck were below minimum safe tread depths.

140.     Operating the Enterprise/Diakon truck with tires that were below minimum safe tread depths created an unreasonable risk that the operator would not be able to control the Enterprise/Diakon truck.

141.     Defendant Diakon knew that operation of the Enterprise/Diakon truck with tires that were below minimum safe tread depths created an unreasonable risk that the operator would not be able to control the Enterprise/Diakon truck.

142.     Defendant Diakon knew that operation of the Enterprise/Diakon truck with tires that were below minimum safe tread depths created an unreasonable risk of injury to persons sharing the road with the Enterprise/Diakon truck.

143.     Defendant Diakon was negligent in all or some of the following respects:

     a.     Failing to maintain the Enterprise/Diakon truck in safe operating condition;

     b.     Continuing to the week to week rental of the Enterprise/Diakon truck without knowledge of the condition of the Enterprise/Diakon truck;

     c.     Continuing the week to week rental of the Enterprise/Diakon truck without inspecting the condition of the Enterprise/Diakon truck;

d.     Continuing the week to week rental of the Enterprise/Diakon truck with knowledge that no expenditure had been made to replace the left rear dual tires or either of the front tires;

e.     Continuing the week to week rental of the Enterprise/Diakon truck with knowledge that only the right rear dual tires had been replaced recently on the truck;

f.     Continuing the week to week rental of the Enterprise/Diakon truck to Transport Deliveries without requiring proof from Transport Deliveries that the tires of the truck were safe to operate;

g.     Failing to examine the driver qualifications of Victor D. Zinn, III; or

h.     Failing to warn Victor D. Zinn or Transport Deliveries that the Enterprise/Diakon truck had tires that failed to meet the minimum tread depth requirements.

144.    Diakon is vicariously liable for the actions of defendants Zinn and Transport Deliveries.

145.    As a direct and proximate result of the negligence of defendant Diakon, the Enterprise/Diakon vehicle was operated across the centerline of 169 Highway and struck Mr. Turner's passenger car in the north bound lane of 169 Highway fatally injuring Richard Turner.

146.    As a direct and proximate result of defendant Diakon's negligence, Richard Turner suffered severe injuries from which he died.

147.    The negligence of defendant Diakon caused damage to Marcia Turner, Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interest or costs including, but not limited to, financial and economic loss, reasonable and necessary funeral expenses, and the loss of care, comfort, companionship, instruction, guidance, training, support and counseling.

148.     The actions and inactions of defendant Diakon in this Count and in Paragraphs 1 through 127 constitute willful, wanton and outrageous conduct clearly and convincingly evidencing a conscious or reckless disregard for the safety of Richard Turner and others, and warranting a judgment against Diakon for aggravating circumstances damages to punish Diakon, and to deter Diakon and others from similar conduct in the future.

WHEREFORE, Plaintiff Marcia Turner on her own behalf and as the representative of Michael Turner, Matthew Turner, Michele Turner, Mark Turner and Sandy Deitrick respectfully request judgment against defendant Diakon for such damages as are fair and reasonable in an amount in excess of Seventy-five Thousand Dollars ($75,000) exclusive of interests and costs, together with their costs and fees, for aggravating circumstances damages and for such other and further relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all matters.

Respectfully submitted,

Dated: November 21, 2008                LATHROP & GAGE L.C.


By:   /s/ Peter F. Daniel
        Peter F. Daniel (33798)
        K. Paul Day (37820)
        2345 Grand Boulevard, Suite 2800
        Kansas City, Missouri 64108-2684
        Telephone: (816) 292-2000
        Telecopier: (816) 292-2001
        ATTORNEYS FOR PLAINTIFF
        MARCIA TURNER